*In re* ADOPTION OF ZJANEEN SOTELO *et al.* (Darrel Pack *et al.*, Petitioners-Appellees, v. Kathleen Ellul *et al.*, Respondents-Appellants.

Third District   Nos. 3—84—0157, 3—84—0168 cons.

Opinion filed January 17, 1985.—Rehearing denied March 5, 1985.

Stephen H. Gunning, of Bird & Gunning, of Princeton, for appellants Kathleen Ellul and Gabriel Kristopher Ellul.

Linda A. Rothnagel, of Prairie State Legal Services, Inc., of Ottawa, for other appellants.

Robert B. Steele, of Aplington, Kaufman, McClintock, Steele & Barry, Ltd., of La Salle, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from an adoption proceeding in the circuit court of Putnam County. The parties to the proceeding are two children, Zjaneen Sotelo and Gabriel Ellul, their natural mother, Kathleen Ellul, the natural father of Zjaneen, Braulio Sotelo, and Darrell and Donna Pack, the adoptive parents (the sister and brother-in-law of Kathleen).

On August 19, 1982, the Packs filed a petition for adoption asking that the parental rights of Kathleen and Braulio be terminated and a judgment of adoption be entered in their favor pursuant to the Adoption Act (Ill. Rev. Stat. 1981, ch. 40, par. 1501 *et seq.*). Temporary custody was granted to the Packs, with whom the children were living. On January 14, 1983, the Packs filed a supplemental petition to the adoption proceeding asking that the children be declared dependent and adjudged wards of the court pursuant to section 4—1 of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 704—1). This petition was not filed as a separate and independent action and, therefore, became a part of the adoption proceeding. The same day, the trial court found the children dependent, made them wards of the court, placed guardianship with the Department of Children and Family Services (DCFS) and awarded custody to the Packs.

Until this time Kathleen and Braulio were represented by counsel. On September 21, 1983, their attorney filed a motion to withdraw. The court granted the motion on September 29 and ordered Braulio to find private counsel and Kathleen to consult with Prairie State Legal Services before October 14, 1983, after denying a request for court-appointed counsel. At the same time, the court set the final hearing on the merits for October 25, 1983. Both Kathleen and Braulio attempted to employ counsel to no avail. Nonetheless, despite requests for a continuance from both Braulio and Kathleen, the trial court proceeded with the final hearing on October 25, 1983, and granted the petition for adoption. Kathleen and Braulio both appeal.

The parties filed separate briefs, but only two basic issues are raised; first, whether Kathleen and Braulio were entitled to be represented by counsel at the final hearing where their parental rights were terminated, and second, whether unfitness was proved by clear and convincing evidence. Because we find that both Kathleen and Braulio were entitled to representation, we will not reach the issue of the sufficiency of the evidence.

Kathleen and Braulio argue that once the second petition was

filed under the Juvenile Court Act, that Act applied to this proceeding and the mandatory language of the statute requires that parents be represented by counsel. Section 1—20 of the Juvenile Court Act states in pertinent part:

> "[T]he Minor who is the subject of the proceeding and his parents, guardian, legal custodian or responsible relative who are parties respondent have the right to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records and also, *** the right to be represented by counsel." (Ill. Rev. Stat. 1981, ch. 37, par. 701—20.)

Therefore, a clear mandate exists for representation and appointment of counsel if the parties were proceeding under the Juvenile Court Act.

The Packs, on the other hand, argue that the Adoption Act controls this proceeding and that because the Adoption Act has no statutory requirement of representation, Braulio and Kathleen were not entitled to counsel. However, section 13—B(c) of the Adoption Act requires that a person found to be unfit pursuant to the provisions of subsection (D)(p) of section 1 of the Adoption Act shall have the right to counsel. Subsection (D) sets out the grounds for finding a parent unfit under the Adoption Act. Subparagraph (p) of that section reads as follows:

> "(p) inability to discharge parental responsibilities supported by competent evidence from a psychiatrist or clinical psychologist of mental impairment, mental illness, mental retardation as defined in section 1—116 of the Mental Health and Developmental Disabilities Code or Developmental Disability as defined in section 1—106 of that Code, and there is sufficient justification to believe that such an inability to discharge parental responsibility shall extend beyond a reasonable period of time." (Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)(p).)

And section 13(B)(c) of the Adoption Act further provides:

> "(c) Wherein the Petition alleges a person to be unfit pursuant to the provisions of subparagraph (p) of paragraph D of Section 1 of this Act such persons shall be represented by counsel. If such person is indigent or an appearance has not been entered on his behalf at the time the matter is set for hearing, the Court shall appoint as counsel for him either the Guardianship and Advocacy Commission, the public defender, or only if no attorney for the Guardianship and Advocacy Commission or the public defender is available, an attorney li-

censed to practice law in this State." (Ill. Rev. Stat. 1983, ch. 40, par. 1516(B)(c).)

The Packs argue that these provisions of the Adoption Act do not apply because subsection (D)(p) did not become effective until July 1, 1983, and these two petitions were filed in 1982. However, no determination of unfitness was made until October 25, 1983, at the final hearing. Nor is it clear from either the record or the judgment what grounds were used by the court to terminate the rights of Kathleen and Ellul. However, because most of the evidence before the court as to Kathleen's unfitness consisted of clinical psychologists' reports and medical records of Kathleen's periodic bouts with mental illness and drug problems, the trial court most likely used subsection (D)(p) as the ground for finding Kathleen unfit. Therefore, Kathleen had a right to counsel under either act.

Although proceedings under the Juvenile Court Act are meant to be somewhat informal, this proceeding was conducted in a manner where not only is it impossible to determine what act the court was proceeding under, but also what grounds the court used to determine unfitness of either parent. Under the circumstances, we hold that the natural parents are entitled to the safeguards of both statutes and, therefore, were entitled to representation. The United States Supreme Court has emphasized the importance of counsel in proceedings to terminate parental rights in *Lassiter v. Department of Social Services* (1981), 452 U.S. 18, 68 L. Ed. 2d 640, 101 S. Ct. 2153.

For the foregoing reasons, we reverse the decision of the circuit court of Putnam County granting the adoption and remand for proceedings consistent with this opinion.

Reversed and remanded.

HEIPLE and SCOTT, JJ., concur.